OPINION
On January 3, 1999, appellant, Mark T. Sunafrank, was stopped by a law enforcement officer and subsequently charged with driving under the influence under R.C. 4511.19. As a result of appellant's refusal to submit to a breath test, appellant was placed under an administrative license suspension for a period of one year. On April 26, 1999, appellant entered a plea to a reduced charge of reckless operation of a motor vehicle and was found guilty by the court. As a condition of sentence, the trial court continued enforcement of the one-year administrative license suspension.
This appeal is from the trial court's refusal to dismiss the administrative license suspension following appellant's conviction of reckless operation of a motor vehicle.
Appellant's sole assignment of error is as follows:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONTINUING ENFORCEMENT OF THE ADMINISTRATIVE LICENSE SUSPENSION (ALS) FOLLOWING APPELLANT'S CONVICTION OF A REDUCED CHARGE OF RECKLESS OPERATION OF A MOTOR VEHICLE (REDUCED FROM ORIGINAL CHARGE OF DUI UNDER R.C. 4511.19)[.]
R.C. 4511.191(K) provides:
 (K) A suspension of the driver's or commercial driver's license or permit of a resident, a suspension of the operating privilege of a nonresident, or a denial of a driver's or commercial driver's license or permit pursuant to division (E) or (F) of this section shall be terminated by the registrar upon receipt of notice of the person's entering a plea of guilty to, or of the person's conviction of, operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with a prohibited concentration of alcohol in the blood, breath, or urine, if the offense for which the plea is entered or that resulted in the conviction arose from the same incident that led to the suspension or denial.
Clearly, the termination of the administrative license suspension, permitted in certain instances under R.C. 4511.191(K), does not apply in this case. As a part of a negotiated plea bargain, appellant was convicted of reckless operation of a motor vehicle. R.C. 4511.191(K) is only applicable if the person enters a plea of guilty to, or is convicted after entering a plea of no contest to, operating a vehicle while under the influence of alcohol, "if the offense for which the plea is entered or that resulted in the conviction arose from the same incident that led to the suspension or denial."
Appellant further asserts that the administrative license suspension became an additional punishment for the same offense after a conviction was obtained for reckless operation, and that, therefore, it would be a violation of appellant's double jeopardy rights under the United States and Ohio Constitutions to continue the administrative suspension.
Appellant was convicted of reckless operation of a motor vehicle under Reynoldsburg City Code 333.02(C). The elements of this offense involve the operation of a vehicle on any street or highway in willful or wanton disregard of the safety of persons or property. For purposes of double jeopardy analysis, driving under the influence of alcohol and reckless operation are clearly distinguishable offenses, as the former requires the elements of (1) operation of that motor vehicle, and (2) evidence that the person is under the influence of alcohol and/or a drug of abuse. Refusal of a test prevents the state from securing the best evidence concerning the level of alcohol in the driver's body at the time of the offense. Once there is a plea of guilty or finding of guilt after a no contest plea to driving while under the influence of alcohol, there is no longer any necessity to have the results of the test. Hence, at that point, the predisposition administrative suspension is no longer applicable and whatever suspension might be warranted may be imposed as part of the sentencing on the DUI conviction. That is not the case when the conviction is for reckless operation because the refusal of the test may well have played a part in the reduction.
Appellant's reliance upon the case of State v. Gustafson
(1996), 76 Ohio St.3d 425, is not well-founded. In Gustafson, the court held that an administrative law suspension ceases to be remedial and becomes punitive in nature to the extent that it is deemed to continue subsequent to conviction and sentencing for a violation of R.C. 4511.19. In that situation, the administrative law suspension does constitute dual punishment for the same charge. It differs from the situation where appellant is convicted of reckless operation. The need for an administrative remedial suspension for appellant's refusal to submit to a chemical test still exists. As pointed out in Gustafson, "any subsequent finding that the person is not guilty of the DUI charge does not terminate or otherwise affect the suspension." Id. at 440.
The Sixth District Court of Appeals in State v. Lamb
(Nov. 21, 1997), Lucas App. No. L-97-l136, unreported, came to the same conclusion reached here in holding that, after a no contest plea and conviction on a charge of physical control, the trial court erred by lifting the administrative license suspension following the plea. The court stated that "an implied consent suspension pursuant to R.C. 4511.191(D) cannot be terminated by a plea of guilty or no contest to anything other than a charge of operating a motor vehicle while under the influence of alcohol or drugs."
Even if it is true that appellant received "traditionally DUI penalties" when sentenced by the court for violation of reckless operation, it is not pertinent to the determination herein. Appellant was not convicted of a violation of R.C. 4511.19 but, rather, of another offense arising out of the same incident which is dissimilar in an important way.
Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE and BROWN, JJ., concur.